Good morning. May it please the Court. My name is Barbara Creel. I represent Emiliano Lerma, the petitioner-appellant in this case. Mr. Lerma is incarcerated. For the Court's information, his mother, Alma Lerma, and sister are present in attendance. I'd like to reserve two minutes for rebuttal, if I may. Yes. Thank you. The Supreme Court noted in United States v. Massaro that rules of procedure should be designed to induce litigants to bring their contentions to the right tribunal at the right time. This is exactly what Mr. Lerma did. He presented his claim to the right tribunal at the right time. The part where I have trouble staying on the track with you is when the Lermas first talk to Gallagher, their lawyer, and indicate their unhappiness, they tell him it's about money rather than that they just want to fire him. So he tells the judge that it's about money and he'll stay on if he's appointed so that it doesn't cost him anything anymore. I can't see where he has a duty at that point to do anything else. Does he? Your question, Your Honor, brings up exactly the reason why there should have been a hearing upon Lerma's request for new counsel. Number one, we only get the information about what Gallagher said or what was said to Gallagher and what he then repeated to the court in a post-conviction proceeding. And that's very limited. It seems good enough. It's a deposition. And he says, this is what we felt and this is what we told Gallagher. It was very limited. Why is it limited? It's a deposition. Both sides can question him. His own lawyer can question him and bring out anything that the lawyer on the other side doesn't bring out. I mean, a deposition is one of the most wide-open and best sources of information there is. Well, what your question is actually getting to, Your Honor, I think, is that there should have been a hearing at the time that the motion was presented. At that time is when Mr. Lerma would have been able to speak to the reasons that he believed that his counsel was either incompetent or that he wanted to get new retained counsel. We only have ---- Let me go with you that far. I'd be more comfortable if the judge had done all this in open court. However, the deposition during the post-conviction proceedings is when Lerma gets a chance to show what the judge would have found out had he conducted a hearing in open court and said, Lerma, what's your problem with Gallagher? And explored the whole business. And what we find out is that Lerma didn't tell Gallagher, we don't think you're any good, we don't think you have enough experience in criminal law. That's not true. Mr. Lerma also testified at the post-conviction hearing and in deposition that he told his counsel that he wanted new counsel. He wanted a new attorney were his exact words. At that point, he was operating, he was still following the rules. He knew that he was still represented by counsel and was operating through counsel, relying on Mr. Gallagher to then go forward and get off the case. Mr. Gallagher filed his motion to withdraw but then went behind Mr. Lerma's back and spoke directly to the judge in an exchange that then ended up with him being appointed. This is a claim for ineffective assistance of counsel prior to trial, right? The underlying. The trial hadn't started yet. That's right. The trial hadn't started yet. You were claiming that he had an ineffective assistance of counsel before the trial even started. The underlying claim is that there was ineffective assistance of counsel. What was the basis of the claim? There's nothing in the record that shows this, and that's why there needed to be a hearing on the matter. Well, I mean, you tell me what was wrong. Mr. Lerma had. Why was he ineffective when the trial hadn't even got started? Mr. Lerma had retained Mr. Gallagher and then wanted to get new counsel and so wanted Mr. Gallagher to get off. That's not ineffective assistance of counsel. That's desire to get somebody else appointed by the state. Mr. Lerma had a right, has a limited right to retain counsel of his choice. He also has a right to effective assistance of counsel. Both of those. They said they couldn't afford it. These parents said they couldn't afford to hire lawyers. So they wanted the state to appoint a lawyer for them and they appointed Gallagher. Now they say we're not, we don't like Gallagher. We want somebody else. That's only. Is that a due process, violation of due process of law? The violation came because the Lermas wanted Mr. Gallagher to get off the case. That was their prerogative. They didn't have to have a reason at that point. But there was, there could have been a conflict at that time, too, rising to a Sixth Amendment violation. Could have? There could always could have. Was there? We don't have a record. We didn't have the judge holding a hearing to ask Mr. Gallagher, Mr. Lerma, as he's required to do. What do you do? You could have made a record subsequently. Here's what we would have shown. What do you do with this? On Thursday, August 29, 1996, Mr. Gallagher addresses the court. Alan Gallagher speaking in this case. As you know, there's been a question about my role in the case and my representation in this case. Mr. Larson was retained by the family. Mr. Larson being another lawyer, right? Was retained by the family to look at the case and kind of give it a second opinion and to be of assistance this morning. We have spent a great deal of time together. He has reviewed the record. We have all met with the family. The consensus of all of that is Mr. Lerma and the family and Mr. Larson want me to represent this morning on the sentencing hearing, and I would ask Mr. Lerma, is that your understanding of how we are proceeding this morning? Mr. Lerma answered, yes, sir. The court, just for clarification, Mr. Lerma, Alex Lerma, is that your understanding of how we are proceeding? Mr. Alan Lerma, yes. Mr. Larson, that is my understanding. I got involved in this case in the last few days to review the record, talk to Gallagher, talk to the Lermas. Basically, I'm here just hanging out on the side. I am on the case. It's my understanding that Mr. Gallagher is still on the case and continuing with the case. What do we do with that? The lawyers, the family, the defendant all say we want Gallagher. What you're reading from, Your Honor, is the sentencing hearing transcript. Correct. This was after the fact. No hearing was held to begin with. They went through trial. They were at sentencing. Mr. Lerma was facing a mandatory minimum sentence that's already prescribed by law. When they got in contact with another attorney, they had already been told by Mr. Gallagher that the court will not appoint another attorney at this late date. And we see that after when we go into post-conviction. And actually, no, we see that only in this habeas case, that Mr. Gallagher was writing to the judge and telling him that the Lermas wanted him to get off the case. And in his letters, he also says, Mr. Lerma explicitly asked me to get off the case, but I told him you wouldn't appoint anyone. So that happens outside the record. Well, let me go back and ask you the same question Judge Ferguson asked. What's the incompetence? What's the failure here that Mr. Gallagher is responsible for? What did he fail to do that Strickland required him to do, or what did he do that was prohibited? He failed to get off the case when he was asked to, and then got himself appointed. The due process violation occurred when he failed to move the court to hold a hearing on this substitution of counsel. Well, why isn't that forfeited and waived when at the sentencing, everybody agrees they want Gallagher on the case? That comes to my second point, Your Honor. That was not an adequate inquiry. You have the right to a due process hearing, as you say, when the mere fact is that you want another appointed attorney to represent you for no reason whatsoever having to do with incompetency. The mere fact you didn't like him as your lawyer. What due process claim has been violated? Before ruling on a motion to substitute counsel, the court has to have such necessary inquiry to be able to rule on that motion. He didn't do an adequate inquiry. In Adello v. Gonzalez, this court identified the things that the court must look for, evaluate the depth of the conflict between the defendant and counsel, the extent of any breakdown in communication, how much time may be necessary for a new attorney to get on the case, and any delay or inconvenience that might come. That was not done. And Mr. Lerman never got a chance. He was not incompetent, as a matter of fact. Mr. Lerman never got a chance to then explain the incompetencies that he then later showed. What was his incompetency? He wasn't a criminal attorney. He was? He was not a criminal attorney per se, according to Mr. Lerman. They weren't happy with his representation. He was retained, and he should have gotten off the case when asked to. What did he do wrong as a trial, as an inexperienced trial lawyer? Looking back, are you looking retrospectively to determine whether or not we had a valid claim of ineffective assistance? Did he call all witnesses that were possible? No. The other claim that Mr. Lerman raised in his post-conviction petition that was reviewed by the court was limited to counsel's failure. What this claim is looking at, which the court did not reach in post-conviction, was the due process violation for holding in-chambers conference and moving forward instead of getting off the case. And that was a violation of his right to be present at all critical stages, as well as a violation of his right to have a new attorney, or at least an inquiry into that request. What's the prejudice? The prejudice is that Mr. Lerman was forced to go to trial with an attorney with whom he did not wish to work with. What's the prejudice from that? The prejudice is, if I understand it right, Lerman walks up behind two guys who are walking away from him and don't see him at a shopping center and beats both their heads in with a baseball bat. His defense is anticipatory self-defense. They were part of a gang that would get him if he didn't get them first. Pretty bad defense. A nothing defense, you might say. His lawyer still manages to get it down from first degree to second degree. It seems like kind of a miracle in the circumstances. They must have been real unattractive victims. So I'm trying to figure out, these people get unhappy with their lawyer. Gosh, I was a criminal defense lawyer. Sometimes they get unhappy with you when you tell them the facts of life. I can't see what the prejudice is. And I can't see if the judge had held the hearing that you say he should have held and that I'd be more comfortable if he'd held whether he should have held it or not. I can't see what could have been shown, what would have been shown, what would have been different, what would have been accomplished for the defendant. What Your Honor is looking at is the separate claim of ineffective assistance of trial counsel. That is an underlying claim. What is before the court today is whether his due process claim was procedurally defaulted or preserved. His due process claim is that he was denied due process of law because Mr. Gallagher failed to get off the case and failed to include him in the discussion. What I'm getting at is a little different from that. There were two different issues. My court, the Ninth Circuit, gets hit on the head with a figurative baseball bat by the Supreme Court with some frequency for saying the rule was violated, reversed, when we don't say what was the prejudice. They're always telling us hardly anything is structural error anymore. You always have to look for prejudice. So I'm asking, what's the prejudice? If there was no inquiry, we can't tell. So if you look at the cases discussing what the court is supposed to do when you bring a valid motion for new counsel, there was no inquiry whatsoever until after the fact at sentencing. And even then, that sentencing colloquy wasn't enough because it was just a mere question and answer, and Mr. Lerma is standing next to the person who's then going to address the court and ask for leniency in sentencing. They've got another lawyer there hired by the family to look over Mr. Gallagher's shoulder and make sure nothing was awry. It was too little too late, Your Honor. Well, you say that, but how can it be too little too late? There's another lawyer standing right there. The family is right there. He's right there. Under your definition of too little too late, anything that goes on in a courtroom is suspect because the defendant is standing near the lawyer. The extra record information that was produced at habeas shows that Larson was retained for a limited purpose to see if there's anything he could do. There was nothing he could do at that point in sentencing other than stand up and say, I don't know. He certainly said there's incompetent representation by Mr. Gallagher here at the trial. Then Gallagher asked the judge, says to the judge, you know, there's been some question about me participating in this case. Do you have any observations? And the judge seemed to suggest Gallagher did a fine job. Yes, because they discussed it in chambers without Mr. Lerma present so that he could express his need for a new attorney. Thank you, counsel. And please, the court, Kathleen Segla for the respondent, Joan Palmettier. I just want to clarify that there was no claim in the post-conviction case that Mr. Gallagher was inadequate for failing to withdraw or for making misrepresentations to the trial court or any such thing. The claim in the post-conviction was that the trial court denied his due process rights by not making inquiry into the reasons why Mr. Lerma did not want Gallagher representing him. The record shows that Mr. Lerma told Mr. Gallagher or his family told him, we don't want you to represent him. Well, not we don't want. We cannot have you representing him anymore because we can't afford it. And at deposition in the post-conviction, the petitioner specifically said, we told him that because we didn't want to hurt his feelings. They did not tell Mr. Gallagher, we don't want you anymore. They did not tell Mr. Gallagher, we want a different lawyer. They told Mr. Gallagher, we want you to ask the court if you could have if he would appoint someone because we can't afford it anymore, which is exactly what Mr. Gallagher presented to the trial court. This is two weeks before the trial. The court granted petitioner's motion, which was, I want an appointed attorney, appointed Mr. Gallagher. No more complaints from the family until after the trial and father files a bar complaint. At that point, Mr. Gallagher moves to withdraw again, explaining this, and also explains at that point the family has hired another lawyer to review my work. Not surprisingly, he advises the family, because you can afford another lawyer, the court's probably not going to appoint, and he underscores that in his letter, someone else. That's the situation. The trial court grants its first motion. There's no reason to have a hearing. The court has a hearing. The second time the matter comes up, before the sentencing proceeding takes place, and as the court has observed, Mr. Larmode says then, fine, fine, fine. There's nothing for the trial court to inquire into. The real question here is, did Mr. Larmode, I almost hate to even bother when the facts are so clear to my mind, but the real question is, was the trial court claim as raised in the state post-conviction case procedurally defaulted? And it's our position that it was defaulted because it should have been raised at the trial court level. It was not. It's barred by Palmer in post-conviction, unless the petitioner can explain why he didn't raise it at trial. One of the ways to explain that you didn't raise it at trial is that you say, well, I didn't raise it because my attorney was forcing me not to say anything or some such. Then you have a trial counsel claim to explain why you didn't raise your trial court claim. None of that happened in this case. Mr. Larmode never explained to the post-conviction court why he could not have raised at the trial court level this issue. And it's a simple preservation, procedural default, Palmer versus State of Oregon problem here. Thank you, counsel. Thank you. Is there anything you would like to say in response? PCR was the appropriate forum for Mr. Lerma. The Palmer rule was not violated. In fact, it was followed to the T. The Palmer rule itself provides for exceptions to the procedural bar, as mentioned by the State. Mr. Lerma's case falls squarely within that exception in that his attorney failed to present and preserve a record to allow him for a direct appeal. The State concedes that he was not allowed, he was not entitled to a direct appeal, and so post-conviction was the appropriate forum. The post-conviction court did not have a retrospective finding that was adequate because it said, no, you're barred by Palmer too. This court does not have to accept that decision. In fact, this court is called upon to look at the procedural rule and determine under Federal law whether it was adequate and independent. And I ask the Court to find that it was not. Thank you both. We appreciate your help. The case just argued is order submitted. United States v. Brigham. Thank you.
judges: Ferguson, Trott, Kleinfeld